THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN E. PARKER | ) | |
| | ) | |
| vs. | ) | CAUSE NOs. 3:07-CV-084 RM and |
| | ) | 3:07-CV-256RM |
| | ) | (Arising from 3:05-CR-5(01)RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

On February 12, 2008, the court denied John Parker's petitions for post-conviction relief filed pursuant to 28 U.S.C. § 2255. Mr. Parker now asks that he be permitted to proceed *in forma pauperis* on his appeal. Specifically, Mr. Parker filed the standard form affidavit accompanying a motion for permission to appeal *in forma pauperis*, representing that he is indigent and unable to pay the filing fee. Although Mr. Parker hasn't requested that a certificate of appealability be issued, the court construes his motion as requesting such a certificate as well.

Issuance of a certificate of appealability requires the court to find that Mr. Parker has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not. Mr. Parker's claims regarding the court's jurisdiction to sentence him and the reasonableness of his sentence are without merit. Similarly, Mr. Parker's allegations regarding illegal search and seizure were decided on direct appeal and are barred by the law of the case doctrine. *See* Peoples v. United States, 403 F.3d 844, 846 (7th Cir. 2005). Finally, Mr. Parker cannot show that the strategic decisions of his trial counsel constitute a denial of

effective assistance of counsel as guaranteed by the Sixth Amendment. *See* <u>United States v. Rezin</u>, 322 F.3d 443, 446 (7th Cir. 2003) (holding that attorneys have "no duty to make a *frivolous* argument."); *see also* <u>Stevens v. McBride</u>, 489 F.3d 883, 890 (7th Cir. 2007) ("The choice not to investigate a particular defense does not constitute deficient performance if the lawyer made a reasonable decision that makes particular investigations unnecessary."). Accordingly, his request for a certificate of appealability will be denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." <u>Walker v. O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Parker's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

For the reasons stated above, the court DENIES Mr. Parker's motion for leave to appeal *in forma pauperis* and for a certificate of appealability [Doc. No. 68 of Cause No. 3:05cr00005].

SO ORDERED.

Entered:   February 27, 2008

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

2

cc:   J. Maciejczyk
      J. Parker